UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-CV-2433 NAB |
| | ) |
| TERI LAWSON, | ) |
| | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by William J. Jones. Petitioner has also filed a motion for leave to commence this action without payment of the required filing fee. Based on the information submitted by petitioner, his motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915. However, based on the Court's review, it appears that petitioner has not exhausted his claim in state court and that his petition is time-barred. If so, dismissal for failure to exhaust available state remedies or for untimely filing may be appropriate. 28 U.S.C. § 2254(b)(1)(A); 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254. As a result, the Court will order petitioner to show cause why the petition should not be dismissed.

**Background**

Jones filed his petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 19, 2019, in the U.S. District Court for the Western District of Missouri. He argues one ground for relief: ineffective assistance of counsel. ECF No. 1. On August 22, 2019, the case was transferred to this Court. ECF No. 3. On September 3, 2019, the Court ordered petitioner to pay the filing

1

fee or file a motion to proceed *in forma pauperis*. ECF No. 6. On October 7, 2019, petitioner filed a motion for leave to proceed *in forma pauperis*. ECF No. 7.

Petitioner states in his petition that he was convicted in the Twenty-Second Circuit Court of the City of Saint Louis in case number "1522CR00807-01" for first degree statutory sodomy and furnishing pornography to a minor. Petitioner pled guilty to both counts and on April 13, 2016, he was sentenced to twelve (12) years. Regarding appeal of his criminal matter, petitioner states the following on his form petition:

> 9. If you did appeal, answer the following:
>    (a) Name of court: <u>I filed a post-conviction relief to the 22nd Judicial Circuit Court of the City of St. Louis</u>
>    (b) Docket or case number (if you know): <u>None was given</u>
>    (c) Result: <u>I've been ignored by that court system</u>
>    (d) Date of result (if you know): <u>N/A</u>
>    (e) Citation to the case (if you know): <u>I don't know</u>
>    (f) Grounds raised: <u>Ineffective Assistance of Counsel</u>
>    (g) Did you seek further review by a higher state court?  Yes <u>✓</u>  No ___
>        If "Yes," answer the following:
>        (1) Name of court: <u>Eastern Court of Appeals / Missouri Supreme Court</u>
>        (2) Docket or case number (if you know): <u>N/A</u>
>        (3) Result: <u>Undecisive / There was no response</u>
>        (4) Date of result (if you know): [blank]
>        (5) Citation of case (if you know): [blank]
>        (6) Grounds raised: [blank]

ECF No. 1 at 2.

Based on a review of Missouri's CaseNet system, the Court cannot confirm that petitioner appealed his criminal conviction in state court. CaseNet does show that "William J Jones" was charged in Missouri's Twenty-Second Judicial Circuit in Case No. 1522-CR00807-01 with first degree statutory sodomy and furnishing pornographic material to a minor. However, following petitioner's sentencing in that criminal matter, the docket sheet has no entries indicating that a post-conviction motion was filed or that the appellate court issued any decisions or mandates concerning the case. The only filings from petitioner are three letters written to the state court

and/or state court judge. A general search of CaseNet provides no evidence of appeal either. There are 305 cases in CaseNet for litigants named "William Jones," 26 of which involve a litigant with middle name starting with "J." Of those 26 cases, none appear to involve petitioner or to be related to an appeal of his criminal matter. Similarly, a cursory search of the online legal database Westlaw, reveals no Missouri appellate case involving this criminal matter.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. "As a prerequisite for federal habeas review, a petitioner must exhaust state remedies." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996) (citation omitted).

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and

3

citations omitted). As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). The Court can find no evidence that petitioner has raised his ineffective assistance of counsel argument – which he brings here – before a Missouri state court.

In addition, under 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. Sup. Ct. R. 81.04(a). In this case, if petitioner did not file a direct appeal (as none can be located in CaseNet), then his conviction became final on April 23, 2016. His petition for habeas corpus relief before this Court was dated August 19, 2019. This is clearly not within the one-year time limit allowed under 28 U.S.C. § 2244(d).

The Court will order petitioner to show cause why the petition should not be dismissed under 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies, or under 28 U.S.C. § 2244(d) for untimeliness. Petitioner should provide the Court with some evidence that he filed an appeal of his conviction in state court, as indicated in his petition, so that the Court can evaluate the timeliness of his petition and whether his argument for relief has been exhausted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 7] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing within **thirty (30) days** of the date of this Order, why his petition should not be dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies, or pursuant to 28 U.S.C.§ 2244(d) for untimeliness.

Dated this 10th day of October, 2019.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE