UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-CV-2433 NAB |
| ) | |
| TERI LAWSON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the Court's Order to Show Cause issued October 10, 2019. ECF No. 10. Having carefully reviewed petitioner's response, the Court concludes that the instant action is time-barred and subject to dismissal.

## Background

On March 31, 2015, a grand jury in the Circuit Court of the City of Saint Louis indicted petitioner on charges of first degree statutory sodomy and furnishing pornography to a minor. Petitioner pled guilty to both counts and he was sentenced to twelve (12) years confinement on April 13, 2016. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 19, 2019, with the United States District Court for the Western District of Missouri. The petition was transferred to this Court on August 27, 2019. Petitioner argues one ground for habeas relief in his petition: ineffective assistance of counsel. The petition contains incomplete answers and/or nonresponses regarding the appeal of petitioner's criminal conviction in state court. *See* ECF No. 1 at 2-3. Given these incomplete responses, and the Court's own unsuccessful search to locate a filed state court appeal, the Court ordered petitioner to show

1

cause as to why his petition should not be dismissed for failure to exhaust available state remedies and for untimely filing.

## Show Cause Response

Petitioner filed a response to the Court's Order on October 22, 2019. ECF No. 11. In that response, petitioner provided no evidence that his ineffective assistance of counsel argument had been considered by the state court. Instead he states that this Court has confirmed his "suspicion" in the belief that his state court filings were "intercepted and disposed of intentionally" by a state court clerk related to the alleged victim in his underlying criminal case. *Id.* at 1. He also makes allegations that he was assaulted by a Sheriff's Deputy at the St. Louis Justice Center and suggests wrongdoing by relatives of the alleged victim in his criminal matter.

Petitioner's assertion that his state court filings are being intercepted is not supported by the record. The Court's review of petitioner's criminal case in Missouri Case.net, the State of Missouri's online docketing system, indicates that three "Letters to the Court" from petitioner have been docketed in his case in the last year. *See State v. Jones*, Case No. 1522-CR00807-01 (22nd Jud. Cir. Mar. 31, 2015) (letters dated Feb. 11, 2019, May 2, 2019, and May 23, 2019). Even if petitioner could establish cause for his failure to file a state court appeal (which the Court is making no finding on here), this does not explain petitioner's failure to file his petition with this federal court in a timely manner.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. Sup. Ct. R. 81.04(a). In this case, since petitioner did not file a direct appeal, his conviction became final on April 23, 2016. His petition for habeas corpus relief before this Court is dated August 19, 2019. This is clearly not within the one-year time limit allowed under 28 U.S.C. § 2244(d).

Having carefully reviewed petitioner's response to the Court's Order, the Court concludes that this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**. Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 28th day of October, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE